# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# ALEXANDRIA DIVISION

| | |
|---|---|
| **DOUGLAS SMITH** | **CIVIL ACTION NO. 02-CV-2107-A** |
| -vs- | |
| **MARK SWAFFORD, ET AL.** | **JUDGE LITTLE** |

## JUDGMENT

Before the court is a report and recommendation of the magistrate recommending that the motions for summary judgment filed by defendants Phil Howard ("Howard"), Mark Swafford ("Swafford") and Patrice P. Flaherty ("Flaherty") be granted and that the complaint filed against them by *pro se* plaintiff Douglas Smith ("Smith") be dismissed with prejudice.

In addition, the magistrate recommends dismissing Smith's actions against Christine McNeil ("McNeil"), Huey Woods ("Woods"), Elizabeth Green ("Green"), Chris Copeland ("Copeland"), and Nurse Aires/Ayers ("Ayers")[1] without prejudice for failure of service. The magistrate also recommends the dismissal of another claim brought by Smith alleging failure to protect Smith from an attack by another inmate. Smith has not timely filed an objection.

After full record review, the court declines to adopt the reasoning and conclusions of the magistrate with respect to all issues other than the motions for summary judgment filed

---

[1] The defendants refer to Nurse Aires as Nurse Ayers.

by Howard and Swafford. All issues other than the motions for summary judgment filed by Howard, Swafford and Flaherty were not properly before the magistrate. We therefore do not consider them here and decline to adopt the magistrate's recommendation with respect to them.

This court adopts the reasoning and conclusions of the magistrate with respect to the motions for summary judgment filed by Howard and Swafford. Accordingly, all claims by Smith against Howard and Swafford are DISMISSED WITH PREJUDICE.

This court, however, declines to adopt the recommendation of the magistrate with respect to the motion for summary judgment filed by Flaherty for the reasons below.

Smith claims that Flaherty violated his Eighth Amendment right to be free from cruel and unusual punishment by failing to provide him with appropriate medical care in prison. Compl. at 3-4. This type of Eighth Amendment claim must meet two requirements. First, the plaintiff must have suffered a substantial harm. Mendoza v. Lynaugh, 989 F.2d 191, 195 (5th Cir. 1993). Here Smith alleges that he has "lost use of [his] pinkie finger." Compl. at 2. Flaherty does not dispute this claim, and as such Smith has met the first requirement.

The second element is "deliberate indifference." Farmer v. Brennan, 511 U.S. 825, 828 (1994). "[P]rison officials must ensure that inmates receive adequate food, clothing, shelter and medical care." Id. at 832. To survive a motion for summary judgment, a plaintiff need not show that he can win the case. He must, however, demonstrate a genuine dispute over an issue of fact on which a reasonable jury could disagree. Stewart v. Murphy, 174 F.3d 530, 533 (5th Cir. 1999). In addition, the issue of fact in dispute must be material. In other

2

words, Smith must raise a "dispute[] over facts that might affect the outcome of the suit under the governing law." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

In both his complaint and his response to the motion for summary judgment, Smith observes that the form Ayers filled out at the time of the initial examination should have been countersigned by a physician within 72 hours. Compl. at 2; Pl. Resp. at 2. This does not appear to have been done. Pl. Resp. at 15 (copy of form that has not been countersigned). The affidavit of Patricia Thomas, a hospital administrator, states that during the relevant period, "Patrice P. Flaherty, M.D. worked and served as on-site physician for Winn Correctional Center." Thomas Aff. at 1. Flaherty does not provide an explanation for why the form was not countersigned. It is not clear from the evidence at this point whether or not Flaherty is the physician responsible for countersigning the form Ayers filled out on 18 October 2001. The fact that this form was not countersigned tends to raise questions about defendant's assertion that she "had no notice of the wound." Def. Mot. at 2.

In addition, plaintiff in his response to the motion states that he was seen by Flaherty on 1 November 2001 for an appointment about a dandruff problem. Pl. Resp. at 2. He further claims that he tried to discuss his finger problem with Flaherty at this appointment but that she refused to address it. Id. According to Smith, he "tried to tell Dr. Flaherty about the finger which was more important then [sic] the dandruff problem at the time." Id. The documentary evidence shows that plaintiff became angry at this appointment. Id. at 16. Smith explains in his response that this was because "[s]he wouldn't listen" to his complaints about the finger condition. Id. at 2.

3

In his deposition, Smith did not tell entirely the same story. He states that he got angry at the 1 November 2001 appointment because "she wouldn't give me some shampoo for my head because I had bad scalp flaking" rather than because she would not discuss the finger injury. Smith Dep. at 25. He did maintain, however, that Flaherty "was aware of the incident" because he had been repeatedly complaining to the nurse who brought him to the appointment and this nurse told Flaherty. Id.

Flaherty, alternatively, asserts that she "did not learn of the wound until or around November 12, 2001." Def. Statement of Uncontested Material Facts at 2. She states in her affidavit that "[a]t no time during the November 1, 2001, visit did Douglas Smith mention anything about or related to his right pinky finger." Flaherty Aff. at 2. If Flaherty had notice of the finger condition on 1 November 2001 and refused to treat the problem at that time, a reasonable jury could conclude that she acted with deliberate indifference. See Austin v. Johnson, 328 F.3d 204, 210 (5th Cir. 2003) (noting that knowledge of problem and disregard of "excessive risk" equals Eighth Amendment violation); see also Estelle v. Gamble, 429 U.S. 97, 103 (1976) ("An inmate must rely on prison authorities to treat his medical needs; if the authorities fail to do so, those needs will not be met.").

It is true that Smith has not (and probably cannot) produce any documentary evidence to prove that he told Flaherty about his finger injury. At the same time, however, Smith's assertion is not contradicted by specific evidence to the contrary other than the form documenting the 1 November 2001 appointment. This form indicates that Smith became angry, and his explanation in his response provides a reason why he would have done so that

4

is consistent with his claim of deliberate indifference. In light of the fact that prisoners have little control over the gathering of evidence with respect to occurrences in prison, Smith's assertion is credible enough to raise a genuine issue as to whether he told Flaherty about the finger injury at the 1 November 2001 appointment. Given the preventable, permanent injury that Smith suffered, this issue is material. <u>Liberty Lobby</u>, 477 U.S. at 248. As such, Rule 56's requirement that there be "no genuine issue as to any material fact" has not been met in this case. FED. R. CIV. P. 56(c). Accordingly, Flaherty's motion for summary judgment is DENIED.

    Alexandria, Louisiana

    25 October 2005

_____
       F. A. LITTLE, JR.
  UNITED STATES DISTRICT JUDGE