U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

JAN 3 1 2006

ROBERT H. SHEMWELL, CLERK
BY _____ DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| DOUGLAS SMITH | CIVIL ACTION NO. 02-2107 |
| VERSUS | JUDGE F. A. LITTLE, JR. |
| MARK SWAFFORD, ET AL. | MAGISTRATE JUDGE JAMES D. KIRK |

## REPORT AND RECOMMENDATION

Before the Court is a Motion to Dismiss (Doc. #43) filed by five of the six remaining defendants in the above-captioned matter[1], specifically, CHRISTINE MCNEIL, HUEY WOODS, ELIZABETH GREEN, CHRIS COPELAND, and NURSE TARA AYERS[2] ("Movers"). Movers were made defendants pursuant to a complaint filed by Plaintiff, Douglas Smith, on September 30, 2002, and an amended complaint filed on April 28, 2003. Movers argue that they are entitled to a judgment dismissing the claims of the plaintiff pursuant to Federal Rule of Civil Procedure 12(b)(5), at Plaintiff's cost.

### Procedural History

Plaintiff filed suit pursuant to 42 U.S.C. §1983, on September 30, 2002 (Doc. #1) and filed an amended complaint on April 28, 2003 (Doc. #5). Plaintiff was mailed blank summons forms for

---

[1] The plaintiff's claims against Defendants Mark Swafford and Phil Howard were dismissed on summary judgment by a judgment of this Court dated October 25, 2005. The other remaining defendant in the case is Dr. Patricia Flaherty. The district judge found that genuine issue of material fact existed as to Dr. Flaherty, precluding her dismissal on summary judgment.

[2] Referred to in the Amended Complaint by Plaintiff as Nurse Aires.

1

each defendant, which he completed and returned to the Court. The Court ordered the U.S. Marshals to serve each defendant with a copy of the Complaint, Amended Complaint, Court's Ruling from August 18, 2004, summons, and Memorandum Order. (Doc. #14.) The summonses were returned unexecuted as to the Movers, and the Marshal was unable to locate these individuals despite his efforts. (Doc. #22, 25, 26.) Plaintiff did not provide the Court with any further information regarding the individuals. Movers filed the instant motion on December 9, 2005, and Plaintiff has failed to file an opposition to same or offer an excuse as to why Movers were not served.

## Law and Analysis

Federal Rule of Civil Procedure 12(b)(5) allows the Court to dismiss a cause of action for insufficiency of service of process. Fed. R. Civ. P. 12(b)(5). Under Rule 4(m), a summons and complaint must be served within 120 days after the complaint is filed. Fed. R. Civ. P. 4(m). If the plaintiff fails to serve the defendant within that time frame, but is able to show "good cause" why process could not be served within those 120 days, the district court must extend the time for service. However, if "good cause" is not shown, the district court must either dismiss the lawsuit without prejudice or, in its discretion, direct that service be accomplished within a specified time.

The plaintiff bears the burden of proving that good cause exists to excuse a delay in service of process. To establish good cause, a litigant must demonstrate excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules does not suffice. See Systems Signs Supplies v. United States Dep't of Justice, 903 F.2d 1011, 1013-1014 (5th Cir. 1990). Pro se status does not excuse a litigant's complete failure to effect service. See Kersh v. Derozier, 851 F.2d 1509, 1512 (5th Cir.1988).

2

In the instant case, more than three years have passed since the filing of the complaint in September 2002, and more than 2 years have passed since the filing of the amended complaint. The record indicates that Movers did not receive service of summons and complaint. Therefore, Plaintiff failed to comply with Federal Rule of Civil Procedure 4(m), requiring that a summons and complaint be served within 120 days after the complaint is filed. Furthermore, while Plaintiff was mailed a copy of Movers' Motion to Dismiss as well as a Notice of Motion Setting, he failed to file an opposition to the motion or submit any argument or evidence supporting a "good cause" exception.

Here, Plaintiff is proceeding *in forma pauperis*. 28 U.S.C. § 1915(c) provides that officers of the court shall issue and serve all process and perform all duties in IFP cases. However, while incarcerated plaintiffs proceeding IFP may rely on service by the U.S. Marshals, a plaintiff may not remain silent and do nothing to effectuate such service. Baker v. Bowles, 2005 U.S. Dist. LEXIS 32942 (N.D. TX 2005), *citing* Rochon v. Dawson, 828 F.2d 1107, 1110 (5th Cir. 1987). Here, Plaintiff has remained silent by failing to respond to the motion before the Court and/or offer a good cause reason for failing to effectuate service. Therefore, the claims against the movers should be dismissed.

Movers requested that costs be assessed against the plaintiff. Federal Rule of Civil Procedure 54(d)(1) provides that the Court may award costs other than attorneys' fees to the prevailing party. The Court, however, may exercise its discretion to deny an award of costs. See Dupree v. 1461 Port Arthur, d/b/a International House of Pancakes, 04-2119, 2005 U.S. LEXIS 8048 (EDLA, 04/25/05), *citing* Sheets v. Yamaha Motors Corp., U.S.A., 891 F.2d 533, 539 (5th Cir. 1990). Here, Plaintiff's claims against the movers are being dismissed without prejudice for a purely procedural reason

(failure to properly serve). Therefore, the Court declines to exercise its discretion to award costs under Rule 54. Significantly, the plaintiff proceeded pro se and in forma pauperis. Under these circumstances, the Court finds that the imposition of costs is unwarranted. See Chambers v. Cockrell, 2003 U.S. Dist. LEXIS 14729, 3:99CV1283-L (N.D. Tex. Aug. 26, 2003) (declining to award costs to the defendant because the plaintiff was pro se and proceeded in forma pauperis); Brown v. Belton, 2003 U.S. Dist. LEXIS 6208, 3:01-CV-1823 (N.D. Tex. Apr. 11, 2003) (same); Mixon v. Park Place Motors, 2002 U.S. Dist. LEXIS 19572, 3:02-CV-0800, (N.D. Tex. Oct. 11, 2002) (same). Accordingly, it is recommended that each party bear its own costs.

## Conclusion

For the forgoing reasons, IT IS RECOMMENDED that the Motion to Dismiss filed by Movers CHRISTINE MCNEIL, HUEY WOODS, ELIZABETH GREEN, CHRIS COPELAND, and NURSE TARA AYERS (Doc. #43), be **GRANTED** pursuant to Fed. R. Civ. P. 4(m).

## OBJECTIONS

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.P. 72(b), the parties have ten (10) business days from service of this Report and Recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within ten (10) days after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the district judge at the time of filing. Timely objections will be considered by the district judge before he makes his final ruling.

FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN

TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.

THUS DONE AND SIGNED in chambers, in Alexandria, Louisiana, on this the 5th day of January, 2006.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE