# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# ALEXANDRIA DIVISION

| | |
|---|---|
| DOUGLAS SMITH | CIVIL ACTION NO. 02-CV-2107-A |
| -vs- | |
| MARK SWAFFORD, ET AL. | JUDGE LITTLE |

## JUDGMENT

Before the court is a report and recommendation of the magistrate recommending that the motions to dismiss pursuant to Rules 12(b)(5) and 4(m) of the Federal Rules of Civil Procedure [Doc. #43] filed by defendants Christine McNeil ("McNeil"), Huey Woods ("Woods"), Elizabeth Green ("Green"), Chris Copeland ("Copeland"), and Nurse Tara Aires/Ayers ("Ayers")[1] (collectively the "moving defendants") be granted and that the complaint filed against them by *pro se* plaintiff Douglas Smith ("Smith") be dismissed without prejudice for failure of service [Doc. #46]. Smith, who is proceeding *in forma pauperis* ("IFP") pursuant to a court order of 2 October 2002, did not oppose the motion but did file an objection to the magistrate's report [#47]. This court declines to adopt the recommendation of the magistrate for the following reasons.

In their motion filed on 9 December 2005, the moving defendants contend that service of process is defective because they did not waive service and were not served within 120 days of 30 September 2002, the date Smith filed his complaint, or 28 April 2003, the

---

[1] The defendants refer to Nurse Aires as Nurse Ayers.

date plaintiff filed his amended complaint. Defs.' Mot. 1-2. FED. R. CIV. P. 12(b)(4) permits a defendant to challenge insufficient service of process by motion. Ordinarily, a plaintiff must properly serve all defendants within 120 days of filing the complaint. FED. R. CIV. P. 4(m). When a court grants a plaintiff leave to proceed IFP, however, the plaintiff is entitled to have service effected by the Marshal or another person specially appointed by the court. See Lindsey v. U.S. R.R. Retirement Bd., 101 F.3d 444, 446 (5th Cir. 1996); see also Walker v. Navarro County Jail, No. 3:91-CV-1690-D, 1997 WL 42523, at *2 (N.D. Tex. Jan. 24, 1997). If the 120 day time limit expires, the court shall either dismiss the action without prejudice or direct service to be effected within a specified time. FED. R. CIV. P. 4(m). If a plaintiff shows good cause for not effecting timely service, the court may extend the time for service for an appropriate period. Id. When service of process is challenged, the serving party bears the burden of proving its validity or good cause for failure to effect timely service. Winters v. Teledyne Movible Offshore, Inc., 776 F.2d 1304, 1305 (5th Cir. 1985).

"[A] plaintiff proceeding [IFP] is entitled to rely upon service by the U.S. Marshals and should not be penalized for failure of the Marshal's Service to properly effect service of process, where such failure is through no fault of the litigant." Rochon v. Dawson, 828 F.2d 1107, 1110 (5th Cir. 1987) (citing Romandette v. Weetabix, 807 F.2d 309 (2d Cir. 1986)). While such plaintiffs may rely on service by the U.S. Marshals, however, they "may not remain silent and do nothing to effectuate such service." Rochon, 828 F.2d at 1110. "At a minimum, a plaintiff should request service upon the appropriate defendant and attempt to remedy any service defects of which a plaintiff has knowledge." Id. Moreover, "[w]hat amounts to 'good cause' [for failure to effect service] under any particular set of

2

circumstances is necessarily fact-sensitive." Lindsey, 101 F.3d at 446.

The U.S. Marshal was unable to serve McNeil, Woods or Green on 22 September 2004, because according to the administrative supervisor at Winn Correctional Center ("Winn"), where the actions at issue in this lawsuit occurred, there was no one named Christine McNeil or Huey Woods working there [#22]. In addition, the process receipt and return document notes that Green no longer worked at Winn, and was reportedly working at a correctional facility in Mississippi at the time service was attempted. Nurse Ayres was also no longer working at Winn, and attempts to obtain a current address through her last known residence and the local post office were unsuccessful [#26]. Finally, the Marshal determined that Copeland also no longer worked at Winn, and, according to his wife during a visit to his residence on 17 November 2004, he had been deployed to Iraq as a member of the Army National Guard. The U.S. Marshal made no further attempts to serve any of the moving defendants.

When a plaintiff who is proceeding IFP relies, as he must, on the U.S. Marshal Service to serve defendants, he may not be penalized for ineffective service of process that occurs through no fault of his own. See Lindsey, 101 F.3d at 447; Rochon, 828 F.2d at 1110. Smith followed the correct procedure for requesting service of process, and he was entitled to rely on the U.S. Marshal to serve the complaint. We do not find that Smith has been dilatory. Accordingly, he has shown good cause under Rule 4(m) to extend the time for service. Plaintiff is therefore entitled to an extension of time in which to effect service on the moving defendants.

Therefore, the court instructs the clerk of court to send the moving defendants'

counsel copies of the Waiver of Service of Summons form and the complaint without delay. FED. R. CIV. P. App., Form 1A. The court reminds each of the moving defendants that "an individual . . . that is subject to service under [Rule 4](e), (f), or (h) and that receives notice of an action in the manner provided in [Rule 4(d)] has a duty to avoid unnecessary costs of serving the summons." FED. R. CIV. P. 4(d)(2). Should the moving defendants fail to comply with the request for waiver without good cause, the court will be compelled to impose costs upon them. FED. R. CIV. P. 4(d). If the moving defendants waive service, they shall promptly file the executed waiver form with the clerk of court. If the moving defendants fail to file the executed waiver of service form within 30 days after receipt, they shall provide their addresses to the court for service by the United States Marshals. Accordingly, the motion to dismiss pursuant to Rules 12(b)(5) and 4(m) filed by defendants McNeil, Woods, Green, Copeland and Ayres is DENIED.

Alexandria, Louisiana

29 March 2006

_____
F. A. LITTLE, JR.
UNITED STATES DISTRICT JUDGE